MEMO ENDORSED

UNITED STATES OF AMERICA
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA

-against-

Kristopher Burgess Cunningham,

     Defendant.
-------------------------------------------------------X

22 Cr. 640 (KMK)

ORDER

WHEREAS the Metropolitan Detention Center ("MDC") has agreed to provide meaningful access for Kristopher Burgess Cunningham, the above-referenced defendant, to review discovery and other case materials; and WHEREAS measures can be taken for Mr. Burgess Cunningham to review case materials on a laptop computer without jeopardizing the security and operational interests of the MDC;

IT IS HEREBY ORDERED that:

1. For the sole purpose of reviewing discovery in the above-captioned matter, Mr. Burgess Cunningham may have access at the MDC to an "air-gapped" laptop computer (the "Laptop") that is disabled from accessing the internet, local area networks, or other electronic devices;

2. Upon receipt of an acceptable laptop computer from counsel for Mr. Burgess Cunningham, the Government shall: (a) ensure that the laptop is appropriately "air-gapped" and compatible with the MDC's security requirements; (b) load all of the Rule 16 discovery, subject to the terms of the Protective Order entered in this case, and (c) promptly deliver the laptop containing the discovery to the proper authorities at the MDC;

3. The Laptop shall be password-protected and maintained in a location acceptable to Bureau of Prisons personnel;

4. Bureau of Prisons personnel will provide Mr. Burgess Cunningham with reasonable access to the Laptop at the MDC;

5. This Order shall remain in effect until the case is completed and a copy of this Order shall be made available to any unit where Mr. Burgess Cunningham is housed, whether in the Segregated Housing Unit ("SHU") or otherwise; and

6. Mr. Burgess Cunningham shall execute an agreement setting forth his understanding that:

    (a) he may use the Laptop for the sole purpose of reviewing discovery that relate to his criminal case;

    (b) that he shall not share the Laptop or the materials loaded onto the Laptop with other inmates or with any attorney not appointed to this case without an order of this Court, and he may not show or otherwise disseminate any of the materials or contents of these materials with any other inmate, staff, or other persons, other than his attorneys appointed to this case, without an order of this Court;

    (c) that he will not access or attempt to access the internet or any form of wireless communication;

    (d) that he will forfeit his right under this Order to use the Laptop in the future, and that he may expose himself to criminal prosecution for possessing or distributing a "prohibited object" as that term is defined in 18 U.S.C. § 1791(d), should he violate any of these understandings.

**SO ORDERED:**

_____

Hon. Kenneth M. Karas

United States District Judge

Dated: July 26, 2023